## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MICHAEL BLACKSTON**

      **Plaintiff,**

-vs-                         **Case No.:**

**J.E.L. SITE DEVELOPMENT,
INC. a Florida For Profit
Corporation, and JAMES LUCAS,
individually,**

      **Defendants.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL BLACKSTON, by and through undersigned counsel, files suit against the Defendants, J.E.L. SITE DEVELOPMENT, a Florida for Profit Corporation ("JEL"), and JAMES LUCAS, individually (collectively "Defendants"), and for his Complaint allege as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action against the Defendants to obtain complete relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, et. seq. (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, costs, attorneys' fees and for all injunctive or declaratory relief provided by law.  Plaintiffs demand a jury trial on all issues so triable as a matter of right.

### JURISDICTION AND VENUE

2.    This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 (federal question) for all claims brought under the FLSA 29 U.S.C. 207(a)(1), 216(b). These claims arise under the laws of the United States.

3.      This Court also has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

4.      Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b) because at all material times Plaintiffs were employed by the Defendants' operated and conducted business in and whose principal place of business was located at 7090 Astro St., Winter Park, Florida (Orange County) and is therefore, within the jurisdiction of this Court.

5.      The venue of this Court over this controversy is proper based upon the claim arising in Orange, Osceola, and Polk counties, Florida.

## PARTIES

6.      Plaintiff, MICHAEL BLACKSTON, was an employee of the Defendants within the last three (3) years for Defendants in Winter Park, Florida (Orange County).

7.      Defendant, JEL, is a private corporation having its principal place of business at 7090 Astro St., Winter Park, Florida (Orange County), and all material times was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

8.      Defendant, JAMES LUCAS, at all times material hereto was the President of JEL and exercise regular control over the day to day operations including hiring, firing of employees, their work schedules, the number of hours worked, pay rate, and payroll; and all material times was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

## COVERAGE

9.      At all material times relevant to this action (2018-2019), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10.     At all material times relevant to this action (2018-2019), Defendants made gross earnings of at least $500,000 annually.

11.     At all material times relevant to this action (2018-2019), Defendants accepted payments from customers based on credit cards issued by out of state banks.

12.     At all material times relevant to this action (2018-2019), Defendants routinely ordered materials or supplies from out of state.

13.     At all material times relevant to this action (2018-2019), Defendants had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

14.     At all material times relevant to this action (2018-2019), Defendant used U.S. mail to send and receive letters to and from other states.

15.     At all material times relevant to this action (2018-2019), Defendants moved vehicles through interstate highways, which resulted in interstate commerce

16.     At all times relevant to this action (2018-2019), Defendants failed to comply with 29 U.S.C. §§ 201-209, as Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## **FACTUAL ALLEGATIONS**

17.     Plaintiff was an "Certified HE Operator" and performed related activities for Defendants in Orange, Osceola, and Polk counties, Florida.

18.     Plaintiff worked for Defendants from approximately June 2018 to January 2019.

19.     In this capacity, Plaintiff earned a regular rate of pay of approximately $40.86 per hour from June 2018 until January 2019.

20.     Plaintiff was an hourly paid employee.

21.     During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.

22.     Specifically, Plaintiff would work approximately seventy-five (75) hours per week.

23.     Plaintiff was a non-exempt employee.

24.     Plaintiff was an equipment operator.

25.     Plaintiff did not have a college degree.

26.     Defendant deducted money from Plaintiff's paycheck for tolls.

27.     Defendant deducted money from Plaintiff's paycheck for a cracked tablet.

28.     Plaintiff did not supervise any employees.

29.     Plaintiff did not regularly work in Defendant's office.

30.     Plaintiff worked at Defendant's jobsites.

31.     However, Plaintiff was not paid overtime compensation of one and a half times his regular rate of pay per hour for overtime hours worked.

32.     As a result, Plaintiff should have received compensation at time and one half his regular rate of pay for all hours worked beyond the forty (40) hours per week.

33.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

34.     Defendants have violated Title 29 U.S.C. § 207 in that they have failed to pay Plaintiff proper the federal premium wage equal to one and one-half of Plaintiff's regular rate of pay for hours worked in excess of forty (40) in a week.

35.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the Fair Labor Standards Act (FLSA) were willful.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

36.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 35 above.

37.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

38.     During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

39.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands a jury trial on all issues so triable against Defendant.

## RELIEF REQUESTED

Plaintiff respectfully requests:

i.   That the Court declare that Defendants violated the aforementioned causes of action;

ii.   A jury trial and entry of judgment in Plaintiff's favor;

iii.   Back overtime pay;

iv.   Liquidated damages;

v.   Attorney's fees and expenses;

vi.   Prejudgment interests, and, if applicable, post-judgment interest; and

vii.   Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled.

Dated this 15th day of August, 2019.

Respectfully submitted by,

*s/ Bobby A. Lean, Jr.*

Carlos Leach, Esq.
Fla. Bar No.: 0540021
Bobby A. Lean, Jr., Esq.
Fla. Bar No.: 118769
Trial Counsel for Plaintiff
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Primary Email:  blean@theleachfirm.com
Secondary Email:
yhernandez@theleachfirm.com